**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sentry Insurance,<br><br>            Plaintiff,<br><br>vs.<br><br>Heidelberg USA, Heidelberg Druckmanschinen, John Does I-X, Jane Does I-X, ABC Corporations I-X, XYZ Partnerships I-X,<br><br>            Defendants. | No. CIV 06-1894-PHX-SMM<br><br>**ORDER** |

On July 31, 2006, defendant Heidelberg USA ("Defendant") removed this case to the United States District Court for the District of Arizona from the Superior Court of the State of Arizona in and for the County of Maricopa. (Dkt. 1.) To remove a case from state court, a defendant must file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, which contains a "short and plain" statement of the grounds for removal. See 28 U.S.C. § 1446(a). If removal is based on diversity, the notice must state the citizenship of all parties to the state action. See 28 U.S.C. § 1332(a).

In the present case, Defendant's notice of removal asserts that this Court "has original jurisdiction under 28 U.S.C. § 1332 because the parties *reside in different states* and the amount in controversy exceeds $75,000.00." (Dkt. 1 at 2, ¶5, emphasis added.) Defendant's notice of removal is defective because it fails to state the *citizenship* of all parties to the state

action; the allegation concerning residence is inadequate. See Steigleder v. McQuesten, 198 U.S. 141 (1905); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653-54 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than September 5, 2006, Defendant shall file an Amended Notice of Removal properly stating the grounds for removal.

DATED this 21st day of August, 2006.

_____
Stephen M. McNamee
United States District Judge