**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sentry Insurance, ) | No. CV 06-1894-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Heidelberg USA, Inc., et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff Sentry Insurance's Motion to Allow Second Amended Complaint. (Dkt. 9.) Pursuant to Fed.R.Civ.P. 15, Plaintiff seeks to amend its First Amended Complaint to add the business entity Heidelberg Americas, Inc. as a named defendant on the grounds that it only recently learned that the stock of defendant Heidelberg USA, Inc. is "100% owned by Heidelberg Americas, Inc." (Dkt. 9 at 2.)

Except for amendments made "as a matter of course" or pursuant to stipulation, leave of the Court is required to amend a pleading. FED. R. CIV. P. 15(a). Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that "leave shall be freely given when justice so requires." Federal policy strongly favors determination of cases on their merits, thus the policy favoring amendment is to be applied by this Court with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)

(quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)); see Foman v. Davis, 371 U.S. 178, 181-82 (1962).

Federal Rule of Civil Procedure 15(a)'s liberal policy favoring amendments is subject to some limitations. Grant or denial of leave to amend is within the sound discretion of the Court. Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996). When evaluating whether to grant leave to amend, the Court considers whether the amendment 1) would cause prejudice to the opposing party; 2) is sought in bad faith or with dilatory motive; 3) is futile; 4) creates undue delay; or 5) comes after repeated failure to cure deficiencies by previous amendment. Foman, 371 U.S. at 182; Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001).

Although the grant of leave to amend is discretionary, in the absence of any of the Foman factors there is a presumption that leave will be granted. Eminence, 316 F.3d at 1052. A denial of leave to amend "without any justifying reason appearing for the denial is not an exercise in discretion." Foman, 371 U.S. at 182-83. Therefore, unless a reason exists to deny leave to amend, discretion of the Court is not broad enough to permit denial. Where the record fails to indicate the Court's reasons for denial of the motion to amend, reversal is likely. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir. 1993).

Pursuant to the Court's liberal policy in granting amendments under Federal Rule of Civil Procedure 15(a), the Court grants Plaintiff's request to amend its First Amended Complaint to include Heidelberg Americas, Inc. as a named defendant. To date, none of the Defendants have filed an opposition to Plaintiff's Motion to Allow Second Amended Complaint based on any of the Foman factors or for any other reason. Thus, the Court will grant Plaintiff's Motion to Allow Second Amended Complaint. See Eminence, 316 F.3d at 1052 (in the absence of any of the Foman factors there is a presumption that leave will be granted).

Accordingly,

1 **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion to Allow Second Amended Complaint. (Dkt. 9.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Second Amended Complaint attached to Plaintiff's Motion to Allow Second Amended Complaint (dkt. 9) as the Second Amended Complaint in this action.

DATED this 2nd day of October, 2006.

_____
Stephen M. McNamee
United States District Judge

- 3 -